# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ALABAMA SOUTHERN DIVISION

| | |
|---|---|
| **TEMPRA HARRIS-TYRUES,** ) | |
| ) | |
| **PLAINTIFF,** ) | |
| ) | **CIVIL ACTION NO.:** |
| V. ) | **2:21-cv-00754-JHE** |
| ) | |
| **DIVERISCARE HEALTHCARE** ) | **JURY DEMAND** |
| **SERVICES, INC., and DIVERSICARE** ) | |
| **THERAPY SERVICES, LLC.,** ) | |
| ) | |
| **DEFENDANTS.** | |

## FIRST AMENDED COMPLAINT

**I.  INTRODUCTION**

1. This is an action for declaratory judgment, equitable relief and money damages, instituted to secure the protection of and to redress the deprivation of rights secured through Title VII of the Civil Rights Act of 1964, as amended, including the Civil Rights Act of 1991, 42 U.S.C. Section 1981a; and through 42 U.S.C. Section 1981.

**II.  JURISDICTION, VENUE AND ADMINISTRATIVE PREREQUISITES**

2. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. Section 1331, 1343, 2201 and 2202. Venue is proper in the Northern District of Alabama under 28 U.S.C. §1391(b), and the Southern Division pursuant to Title VII's

choice-of-venue provision, 42 U.S.C. § 2000e-5(f).

3. Plaintiff has fulfilled all conditions precedent to the institution of this action under Title VII of the Act of Congress known as the Civil Rights Act of 1964, as amended, the Civil Rights Act of 1991, and 42 U.S.C. Section 2000e *et seq*. Plaintiff timely filed her charge of discrimination within 180 days of the occurrence of the last discriminatory act. Plaintiff also timely filed her lawsuit within 90 days of the receipt of her Right-To-Sue Letter from the EEOC.

## III. PARTIES

4. Plaintiff, Tempra Harris-Tyrues, (hereinafter "Plaintiff") is an African-American woman, a citizen of the United States, and a resident of the State of Alabama.

5. Defendant, Diversicare Healthcare Services, Inc. (hereinafter, "Diversicare Healthcare Services" or "Defendant") is an entity subject to suit under Title VII and 42 U.S.C. § 1981.

6. Defendant, Diversicare Therapy Services, LLC. (hereinafter "Diversicare Therapy Services" or "Defendant") is an entity subject to suit under Title VII and 42 U.S.C. § 1981.

7. Defendants Diversicare Healthcare Services, Inc. and Diversicare Therapy Services, LLC. are a "single employer" or "integrated enterprise" for the

purpose of imposing liability under Title VII and 42 U.S.C. § 1981. Defendants share interrelated operations and have centralized control over labor operations and common management and ownership.

## IV. FACTS

8. Plaintiff is an African American woman who began working for Defendants at their predecessor company, Golden Living, in 2011 as a Speech Language Pathologist (SLP) at their Bessemer, Alabama location.

9. Eventually another SLP was added to that location.

10. Plaintiff took maternity leave in 2014 and when she returned to work in September 2014, Plaintiff was unable to get more than three or four hours a day of work because a third SLP had been hired at that location during the time Plaintiff was out on maternity leave.

11. The Bessemer location could only support two SLPs; therefore, in order to increase her hours, Plaintiff transferred to the Hueytown location in October 2014, but she was only allowed to work thirty hours a week working at that location.

12. Throughout the remainder of her employment Plaintiff continued to request more hours of work because the Hueytown facility only had at most thirty hours of work available.

13. On occasions, Plaintiff was able to pick up additional hours at the Bessemer and Riverchase facilities.

14. In 2016 Defendants purchased Golden Living, and Plaintiff became employed by Defendants and reported to a new supervisor named LaKeisha Carter, who is an African American woman.

15. Defendants terminated Ms. Carter in November 2018, and Plaintiff did not have a direct supervisor in her building until March of 2020 when Lauren Wilcox, who is white, became Plaintiff's supervisor.

16. In August 2020, Wilcox was transferred from the location where Plaintiff worked, Hueytown, to Defendants' Hoover location, but Plaintiff continued to report to Wilcox while working at Hueytown.

17. In the summer of 2020 Defendants hired a white SLP named Robin Hanzalik to work at their Bessemer location, where Plaintiff had previously worked.

18. On Tuesday, September 22, 2020, Wilcox along with her boss, Cheryl, the Regional Director of Operations, informed Plaintiff that after two more weeks of work she would be terminated, allegedly for a decrease in patient census.

19. The following Monday, September 28, 2020, Ms. Hanzalik showed up at Plaintiff's location and told Plaintiff she had been told by management that because Friday, September 25, 2020, had been her (Plaintiff's) last day, she

was supposed to start covering Plaintiff's location, Hueytown, along with her own location, Bessemer.

20. However, Plaintiff had not been told that the 28th of September was her last day as she had been told she would work for another two weeks.

21. Plaintiff called Human Resources and learned she had in fact been terminated as of that day, September 28, 2020.

22. Defendants provided Plaintiff with a severance package offering her two weeks of pay for her signature and an agreement not to sue.

23. Plaintiff did not sign that because Defendants fired Plaintiff (a nine year employee) and replaced her with a white woman who had only been employed three months.

24. Plaintiff was more than willing to take over both the locations Respondent had recently assigned Hanzalik, but Defendants never gave Plaintiff that opportunity.

25. In Defendants' position statement to the EEOC Defendants state that on October 31, 2020 Defendants terminated all of their SLPs, discontinued therapy operations, and began outsourcing therapy operations the next day.

26. However, SLPs working for Defendants, including Hanzalik, were transferred to working for the third party entity called Reliance Therapy, and those SLP's

maintained their same job duties at Defendants' facilities working forty hours or more, their pay continued at the same rate and they kept their accrued paid time off that they had built with Defendants.

27. Had Defendants not fired Plaintiff, she would have continued working at Defendants' facilities as did the other similarly situated SLPs without losing pay or accrued time off, and she would have been able to increase her hours to forty hours a week.

28. Defendants claim they selected Plaintiff for layoff because she had allegedly never expressed an interest in working at the Bessemer position and she had allegedly made it clear that she could not work more than thirty hours a week.

29. However, Defendants knew Plaintiff was willing to work at the Bessemer or any other nearby location such as Riverchase, because she regularly requested additional hours at other locations and she worked those hours when offered.

30. Plaintiff had also made it clear to Defendants she wanted to work more than thirty hours a week.

31. Plaintiff was the only African American SLP in her area, which would at least include Hueytown, Bessemer and Riverchase, and all the other SLPs were white.

32. Plaintiff had been employed with Defendants or their predecessors longer than

any other SLP in the Hueytown, Bessemer and Riverchase locations.

33. Defendants' articulated reasons for terminating Plaintiff as opposed to her white co-workers are false and/or a pretext for racial discrimination, as Plaintiff's African American race was the real motivation behind Defendants' decision to terminate Plaintiff.

34. But for Plaintiff's African American race she would not have been terminated.

35. And, in the alternative, even if Defendants had legitimate reasons for terminating Plaintiff, race discrimination remained at least a motivating factor in the termination decision.

36. Defendants, by and through their agents, engaged in the practices complained of herein with malice and/or with reckless indifference to Plaintiff's federally protected rights.

37. Plaintiff has no plain, adequate or complete remedy at law to redress the wrongs alleged herein and this suit for backpay, declaratory judgment, injunctive relief, liquidated, compensatory and punitive damages is her only means of securing adequate relief.

38. Plaintiff is now suffering, and will continue to suffer irreparable injury from Defendants' unlawful conduct as set forth herein unless enjoined by this Court.

**V.    CAUSE OF ACTION – RACE BASED TERMINATION IN VIOLATION**

## OF TITLE VII AND SECTION 1981

39. Defendants discriminated against Plaintiff by terminating her which constitutes an adverse employment action against Plaintiff.

40. Defendants selected Plaintiff for termination as opposed to her white coworkers, despite the fact that Plaintiff had employed with Defendants or their predecessor for many years prior to her white coworkers and Plaintiff had performed her job well throughout her employment.

41. The reasons Defendants gave for selecting Plaintiff for layoff as opposed to her white coworkers, in particular alleging Plaintiff was not willing to work at the Bessemer location and Plaintiff could not work more than thirty hours a week, are false and a pretext to hide Defendants' true racially motivated reason for firing Plaintiff and keeping her white coworker.

42. Plaintiff may prevail under either a "pretext" theory or under a mixed-motive theory, as even if Defendants had legitimate reasons for terminating her, race was at least a motivating factor in the adverse employment actions Defendants took against her, up to and including termination.

43. But for Plaintiff's African American race, she would not have been terminated.

44. Said racial discrimination was done maliciously, willfully, and with reckless disregard for the rights of Plaintiff.

45. Plaintiff has no plain, adequate, or complete remedy at law to redress the wrongs alleged herein and this suit for backpay, declaratory judgment, injunctive relief, compensatory, and punitive damages is her only means of securing adequate relief.

46. Plaintiff is now suffering, and will continue to suffer, irreparable injury from Defendants unlawful conduct as set forth herein unless enjoined by this Court.

## VI. DAMAGES

47. Plaintiff has suffered embarrassment, humiliation, shame, damage to reputation, mental distress, emotional and physical pain and anguish, and lost wages as a consequence of Defendants' unlawful conduct when they terminated her because of her African American race.

## VII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that this Court assume jurisdiction of this action and after trial:

1. Issue a declaratory judgment that the employment policies, practices, procedures, conditions and customs of Defendants violate the rights of Plaintiff secured by Title VII of the Act of Congress known as the Civil Rights Act of 1964, as amended, 42 U.S.C. Section 2000e *et seq.*, 42 U.S.C. Section 1981(a), and 42 U.S.C. Section 1981.

2. Grant Plaintiff reinstatement into the position she would have had at the appropriate pay absent the discriminatory termination, a permanent injunction enjoining the Defendants, their agents, successors, employees, attorneys and those acting in concert with the Defendants, and at the defendants' request, from continuing to violate Plaintiff's rights as well as those who are similarly situated pursuant to any of the above-named statutes.

3. Pursuant to Title VII of the Act of Congress known as the Civil Rights Act of 1964, as amended, 42 U.S.C. Section 1981a and 42 U.S.C. Section 1981, enter an Order requiring Defendants to make Plaintiff whole by reinstating her into the position she would have occupied in the absence of race discrimination or awarding her front pay, awarding her back-pay (plus interest), nominal damages, lost seniority, benefits, loss of pension, compensatory damages, punitive damages and post judgment interest.

4. Plaintiff further prays for such other relief and benefits as the cause of justice may require, including, but not limited to, an award of costs, attorneys' fees, and expenses.

**PLAINTIFF DEMANDS A TRIAL BY STRUCK JURY**

Respectfully submitted,

        /s/ Jon C. Goldfarb
Jon C. Goldfarb asb-5401-f58j
L. William Smith asb 8660-a61s
Christina M. Malmat asb-1214-y44q
Lieselotte Carmen-Burks asb-8304-t46e
Counsel for Plaintiff

**OF COUNSEL:**
Wiggins, Childs, Pantazis, Fisher,
& Goldfarb, LLC
301 19th Street North
Birmingham, AL 35203
Telephone No.: (205) 314-0500
Facsimile No.: (205) 254-1500

**CERTIFICATE OF SERVICE**

      I hereby certify that on this day the 23rd of August, 2021, the foregoing has been filed and served via the Court's electronic filing system to the following counsel of record:

Warren B. Lightfoot, Jr.
W. Brock Phillips
MAYNARD COOPER & GALE, P.C.
1901 6th AVE N
STE 1700
Regions/Harbert Plaza

and by certified mail upon the following:

Diversicare Healthcare Services, Inc
c/o Rice, Robert E.
1621 Galleria BLVD
Brentwood, TN 37027

Diversicare Therapy Services, LLC.
c/o Corporation Service Company, INC.

11

641 South Lawrence Street
Montgomery, AL 36104

                                        **/s/ Jon C. Goldfarb**
                                        Jon C. Goldfarb